80

JUAN G. RIVERA, Plaintiff and Appellant, *v.* REXFORD G. TUG-
WELL, GOVERNOR OF PUERTO RICO, ET AL., Defendants and
Appellees.

No. 8487. Argued February 17, 1942.—Decided March 4, 1942.

*Santos P. Amadeo, Virgilio Brunet, Rafael Baragaño, Jr.,* and *José
L. Novas* for appellant. *George A. Malcolm, Attorney General,
Pablo Defendini, Assistant Attorney General,* and *A. E. Franco
Cabrero, Deputy Attorney General,* for appellees.

MR. JUSTICE SNYDER delivered the opinion of the court.

This is an appeal from an order of the lower court deny-
ing an injunction *pendente lite* in a suit for a declaratory
judgment that an act to prohibit nepotism (Act No. 32, Laws
of Puerto Rico, 1941) is unconstitutional as applied to the
appellant as a school teacher.

▮ On January 30, 1942, we granted an injunction to
make effective our appellate jurisdiction in the instant case.
That injunction was substantially in the form prayed for by

the appellant and denied in the order now here on appeal. In granting the injunction we held that the appellant "has raised a serious and substantial question as to the validity of an Act of the Legislature of Puerto Rico as applied to him . . . and . . . he would suffer irreparable damage if this Court did not preserve the *status quo* pending appeal . . .". Our holding was based on *Indiana ex rel. Anderson* v. *Brand,* 303 U. S. 95, and we found it unnecessary to pass at that time on any of the other questions raised by the petitioner.

In their brief in the case now before us the defendant officials, the appellees, contend that all the *Brand* case holds is that the government can establish the conditions under which a citizen can continue as an employee of the government, provided these conditions represent a reasonable exercise of the police power. That is a correct statement of the holding of the *Brand* case. But, as we pointed out in our opinion of January 30, 1942, in granting the injunction to make effective our appellate jurisdiction in the instant case, "Whether the impact of the Nepotism Act on the status of the petitioner as a public school teacher under his written contract is the result of the exercise of the police power for a public purpose by means reasonably adapted to that end is the ultimate question for us to decide after the district court *has tried the suit for declaratory judgment on the merits and has made its findings on the facts and the law.*" (Italics ours.)

The case before us is therefore no different from the situation confronting us when we were asked to grant an injunction to make effective our appellate jurisdiction. In this case, until an answer had been filed, the suit tried and a decision rendered, the lower court should, under the circumstances, have granted an injunction *pendente lite.* In refusing the motion for such an injunction the lower court abused its discretion. *Muñoz* v. *Porto Rico Railway Light & Power Co.,* 83 F. (2d) 262, 268.

■ Both sides have elaborately argued the case on the merits. We believe it appropriate to give the lower court an opportunity to pass on the questions thus raised. We shall consider them in detail only if the case reaches us in ordinary course after trial on the merits.

■ There remains only the contention of the defendant officials, represented by counsel for the government, that the order denying the injunction is not appealable. The government has cited no authorities to sustain that position. The Circuit Court for the First Circuit has held that a similar order was appealable, in which the government itself took the appeal (*Muñoz* v. *Porto Rico Railway Light & Power Co., supra*).

The order of the district court denying an injunction *pendente lite* will be reversed and a new order entered directing the district court to grant an injunction *pendente lite*.

Mr. Chief Justice Del Toro did not participate herein.